# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LONERGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 7458 |
| ) | |
| CARGO TECH, INC., and KEVIN ) | Wayne R. Andersen |
| BISCHOFFER, ) | District Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants Cargo Tech, Inc. and Kevin Bischoffer to dismiss Count III of Plaintiff's Amended Complaint. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Plaintiff filed a four count Complaint alleging claims under Title VII of the Civil Rights Act, Section 510 of the Employee Retirement Income Security Act, the Family and Medical Leave Act, and state law against Defendant Cargo Tech. Plaintiff later amended her complaint to add Cargo Tech's President Kevin Bischoffer as an individual Defendant. Defendants have filed a motion to dismiss Count III of the Amended Complaint solely on the grounds that Plaintiff does not meet the statutory definition of an "eligible employee" under the Family Medical Leave Act, 26 U.S.C. § 2601 et seq. ("FMLA").

Count III alleges that Defendants interfered with Plaintiff's exercise of rights under the FMLA. The Amended Complaint alleges that Plaintiff was employed by Defendants as a receptionist from January 2007 to September 2007. During the job interview, Plaintiff allegedly

was told that she would be eligible for employee benefits.  After hiring Plaintiff, Defendants learned that she was pregnant.  Defendants allegedly interfered with Plaintiff's attempts to enroll in benefits programs, for example, by claiming that Plaintiff was considered a part-time employee "on paper" and, therefore, ineligible for benefits.  Shortly before Plaintiff's delivery due date, Plaintiff was prescribed bed rest due to pregnancy complications.  Plaintiff allegedly informed Defendants that she planned to return to work on September 24, 2007.  At the time, Defendants allegedly did not object to her leave or planned return date.

Around that time, Plaintiff was applying for government subsidized childcare so she could continue to work after her baby was born.  Plaintiff was required to submit employment verification.  Defendant Bischoffer signed a letter stating: "We will be keeping her job for her when she is ready to come back after maternity leave.  Our policy for maternity leave is we give 12 weeks off which is unpaid.  If an employee has accrued vacation time or still has sick days left the employee can elect to use that time and get paid for any paid days that have accrued."

During her maternity leave, Plaintiff allegedly visited the workplace and also emailed Defendants to confirm her return date.  At that time, Defendants allegedly never told Plaintiff that she would not be reinstated following her leave. Plaintiff's employment was terminated the day she returned from maternity leave.  Plaintiff alleges that she relied to her detriment on Defendants' representations at the time of her hire, when she applied for child care assistance and when she took maternity leave.  Specifically, Plaintiff claims that, because she relied on Defendants' representation that she would be reinstated after her maternity leave, she did not seek other employment prior to her baby's birth.

2

**DISCUSSION**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must first describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318 (7th Cir. 1996).

Count III of the Amended Complaint purports to state a claim under the Family and Medical Leave Act of 1993, 26 U.S.C. 2601 et.seq. ("FMLA"). Section 101 of the FMLA defines who is an "eligible employee" entitled to the benefits and protections of the FMLA.

Section 101 states in pertinent part:

**ELIGIBLE EMPLOYEE**

> In general - the term "eligible employee" means an employee who has been employed
>
> (I) for at least 12 months by the employer with respect to whom leave is requested ... and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

The language of the FMLA is clear. In order to be an "eligible employee", one must have worked for the employer for "at least 12 months" and have put in "at least 1250 hours of service". 26 U.S.C. 2601. In this case, Plaintiff began her employment with Defendants in January 2007, and Plaintiff left Cargo Tech in July 2007 when she began her leave. Between January and July 2007 (six months), Plaintiff worked a total of 981 hours. Thus, there is no dispute that Plaintiff did not work the requisite number of hours or months of service to be an "eligible employee" under the FMLA. Therefore, Plaintiff is not an "eligible employee" and is not entitled to leave under the FMLA.

Plaintiff attempts to escape this conclusion by arguing that Defendants are equitably estopped from claiming she is not entitled to leave under the FMLA based on certain alleged promises she claims were made by Defendants. Essentially, Plaintiff argues that, because the Defendants promised her a leave, they are estopped from claiming that she is ineligible for the leave. Even taking Plaintiff's allegations as true, however, those allegations do not save the FMLA claim from dismissal.

There is no allegation in the Amended Complaint that Defendants made any representation to Plaintiff about her entitlement to leave under the FMLA. Rather, Plaintiff alleges that Defendants told her the company had "a policy" which would allow her to take 12

4

weeks of unpaid leave. However, Plaintiff does not claim that Defendants promised any leave under the FMLA.

The cases cited by Plaintiff do not support her position. In *Dormever v. Comerica Bank-Illinois*, 223 F.3d 579 (7th Cir. 2000), the Seventh Circuit addressed a similar issue when a discharged employee alleged that her former employer violated the FMLA and waived its defense based on statutory ineligibility by its failure to respond to her request for FMLA leave. In that case, the employee conceded that she had not worked the requisite number of hours to be eligible for benefits under the FMLA. The Seventh Circuit rejected plaintiff's argument that the employer had waived its right to this statutory defense by not responding to her request. As the Seventh Circuit stated: "The statutory text is perfectly clear .... The right of family leave is conferred only on employees who have worked at least 1,200 hours in the previous 12 months." *Id.* at 582.

Plaintiff also cites the case of *Peters v. Gilead Sciences, Inc.*, 533 F.3d 594 (7th Cir. 2008) for the proposition that the Seventh Circuit recognized that, in an appropriate FMLA case, equitable estoppel could be applied to block an employer's assertion of an otherwise available statutory defense. While that statement is correct, Plaintiff fails to mention that the Seventh Circuit refused to address the issue in *Peters* on facts similar to this case. In *Peters,* the employer admittedly did not employ the requisite number of employees to be covered by the FMLA. The plaintiff brought a claim under the FMLA and also brought a state law claim based on promissory estoppel. The Seventh Circuit stated:

> As we have explained, however, using equitable estoppel to block an employer from asserting a statutory defense to FMLA liability is not the same as using promissory estoppel to enforce a promise by an employer to allow 12 weeks of

5

> medical leave. Promissory estoppel is a well-established state law remedy; on the other hand, the availability of equitable estoppel to block a statutory defense to FMLA eligibility has been assumed but not decided in this circuit. We think the prudent course is to remand this case for consideration of Gilead's liability *under state law.*

*Id.* at 600-01 (emphasis added). Thus, the Seventh Circuit determined that the case should proceed on whether plaintiff could establish liability under a contract or promise theory rather than the FMLA. In this case, Plaintiff has likewise asserted a promissory estoppel claim under state law and the case will proceed on that theory.

In this case, nothing alleged by Plaintiff confers rights under the FMLA as there is no allegation that Defendants promised leave under the FMLA. Rather, Plaintiff alleges that certain employees of the company made representations to her based on company policy, not the FMLA. See Amended Complaint ¶¶ 37, 40, 77. It is not alleged that Defendants told her that this leave was under the FMLA. Thus, the allegations in the Amended Complaint may state a claim based on promissory estoppel, but not the FMLA.

## CONCLUSION

For the foregoing reasons, we grant the motion of Defendants Cargo Tech, Inc. and Kevin Bischoffer to dismiss Count III of the Amended Complaint [# 31]. This case is set for status on October 29, 2009 at 9:00 a.m. in Courtroom 1403.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated:  September 28, 2009_____